# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Magistrate Case No. 22-MJ-97-UNA** |
| **-vs-** | **AUSA: Edward Warner** |
| **ARMAND ION** | **Dft Atty: Karl Ludwig** |

---

| | | | |
|---|---|---|---|
| **JUDGE:** | Scott D. Johnson | **DATE:** | September 9, 2022 |
| **DEPUTY CLERK:** | Kylie Hebert | **REPORTER/COURTROOM:** | Zoom/Video Conference |
| **INTERPRETER:** | | **PRETRIAL/PROBATION:** | Afton Haynes |

---

## CLERK'S MINUTES
## RULE 5(c)(3) HEARING - VIDEOCONFERENCE

The court informed defendant that the hearing was initiated by videoconference pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act and the General Orders of the Court due to the coronavirus pandemic. The defendant consulted with counsel and agreed to conduct the hearing by videoconference. Defense counsel also agreed.

The court informed the parties of the Due Process Protections Act, and the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

The government moved to unseal this matter and the request was granted.

Karl Ludwig made an appearance on behalf of defendant.

Cr26; T 0:17

Competency was established.  The defendant was advised of his rights and the purpose of this hearing on charges pending in the Central District of California.

In addition, the defendant was advised of his right to consular notification.  The defendant requested that his consular officials not be notified.

Upon questioning, the defendant verified that he received a copy of the charging document from the government. The government also provided the defendant with a copy of the arrest warrant.

The court summarized the Complaint to the defendant, advising him of the substance of the pending charges.

The defendant was advised of his right to a preliminary hearing and the transfer of the case to this district under Fed. R. Crim. Proc. 20.

Upon questioning by the court, the defendant waived his right to an identity hearing.

The government moved for a detention hearing under 18 U.S.C. §3142(f)(2)(A) on the basis that the defendant is a risk of flight.

The defendant completed the Waiver of Rule 5 and 5.1 Hearings.  The defendant confirmed his waiver of the right to an identity hearing and requested that the preliminary hearing and detention hearing be held in the prosecuting district. The waiver was filed with the court.  The defendant was advised that he would be transferred to the Central District of California.

The defendant was remanded to the custody of the United States Marshals Service.

IT IS ORDERED that this matter is TRANSFERRED to the Central District of California for further proceedings.

***********